EDWARD T. RODGERS, RESPONDENT, v. THE HALL LACE COMPANY ET AL., APPELLANTS.

Argued October 7, 1925—Decided April 29, 1926.

Contracts—Commissions for Sale of Goods and for Reasonable Compensation for Services—Judgment for Plaintiff-Defendant Claimed Part of Commissions Under Contract Should Be Used to Purchase Corporate Stock, Which They Stood Ready to Deliver—Court Held that Contract was Too Uncertain, and Submitted Matter to Jury Upon Quantum Meruit Count —Not Necessary to Pass Upon Court's Ruling, Since Verdict of Jury was for a Lesser Amount Than that Which Would Have Been Proper Under Contract.

On appeal from a judgment of the Hudson Circuit.

Before Gummere, Chief Justice, and Justices Kalisch and Campbell.

For the appellants, *George G. Tennant*.

For the respondents, *William E. Decker*.

PER CURIAM.

This is an appeal from a judgment of the Hudson Circuit in favor of respondent in an action to recover a balance claimed to be due for commissions for sales of the products of appellants.

There was a written contract engaging and employing respondent for a term from September 1st, 1922, to December 31st, 1923.

This contract provided, amongst other things, for the rendering of monthly statements of commissions earned and the making of payments thereof on the 25th of each month, and provided that all earnings of respondent over $250 per month were to be set aside for the purchase, by respondent, of stock of the H. S. Hall & Company, Incorporated, subject to any change in amount and class of stock that should be mutually agreed upon.

The complaint was originally in two counts, the first declaring upon this contract and alleging the sum due and unpaid thereunder to be $2,234.02, and the second count was for the reasonable value of services alleged to have been performed by respondent after the expiration of the term of the aforesaid contract, from January 1st to January 14th, 1924, for which the sum of $500 was demanded.

The appellants answered admitting the contract, but denying full performance by the respondent and admitting the total amount of commissions earned to have been $2,012.74, and, as a separate defense, referring to the provision of the contract respecting the setting aside of all earnings exceeding $250 per month toward the purchase of stock the appellants allege that, after deducting from the commissions earned by respondent all payments made to him there was due respondent stock of the H. S. Hall & Company, Incorporated, in the sum of about $2,000 which appellants had, and then did tender themselves ready and willing to issue

and deliver to respondent, but that he had refused to accept, and continued so to do.

Respondent abandoned any claim under the second count of the complaint and gave notice of an application to amend his complaint by adding a count through which he would seek a recovery of the balance claimed to be due of $2,012.74 upon a *quantum meruit*.

This amendment was allowed at the trial and appellants answered denying the right of respondent to recover thereunder because of the aforesaid written contract. Appellants also filed a counter-claim seeking to recover from respondent the sum of $175.71 as a balance claimed to be due for merchandise furnished him. This respondent answered admitting the purchase of the materials, but asserting that the balance of $175.71 claimed had been deducted from the amount due him, leaving the net amount due him from appellants the sum of $2,012.74 as claimed.

The trial court ruled that the provision of the contract respecting the setting aside of portions of respondent's earnings for the purchase of stock was so uncertain as to render the entire contract so uncertain that a recovery could not be had thereon, and submitted the matter to the jury upon the *quantum meruit* count of the complaint.

The jury returned a verdict in favor of respondent for $1,435.70, and from the judgment entered thereon this appeal is taken.

The grounds of appeal argued are directed to the foregoing ruling of the trial court and to rulings upon the admission and rejection of evidence.

Whether or not the trial court was in error in holding the contract in question unenforcible after performance, except as to payment through stock of the H. S. Hall & Company, Incorporated, we do not pass upon, for the reason that if such ruling was erroneous it was not harmful to the appellants, because the verdict rendered and the judgment under review is for a lesser sum than that which would have been proper and warranted under the contract. Appellants, therefore, may not successfully complain.

We find no error in the rulings of the trial court upon the matters of evidence presented by this appeal.

The judgment below is affirmed, with costs.